IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JAMES E. WEST                                                                                           PLAINTIFF
ADC #155992

V.                              Case No. 2:23-CV-00144-BSM-BBM

ADRIAN MCKNIGHT,
Corporal, East Arkansas Regional Unit                                                    DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.      DISCUSSION

On June 29, 2023, Plaintiff James E. West ("West"), a prisoner incarcerated in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. (Doc. 2). On October 16, 2023, Judge Miller accepted a recommendation from United States Magistrate Judge J. Thomas Ray that West be allowed to proceed with his Eighth Amendment failure-to-protect and state-law negligence claims against Defendant

Adrian McKnight ("McKnight") in his individual capacity. (Docs. 5, 6). All other claims and defendants were dismissed, and service was deemed appropriate. (Docs. 6–7).

A summons issued to McKnight through the ADC's Compliance Division was returned unexecuted with the notation that McKnight had been terminated from his employment at the ADC. (Doc. 9). His last-known address, a post-office box, was provided under seal. *Id.*; *see* (Doc. 7 n. 2). The United States Marshal twice attempted service at that address, but both attempts were unsuccessful. (Docs. 13–15).

Accordingly, the Court notified West that it remained his burden to provide the information necessary to serve the Defendant. (Doc. 16) (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is the prisoner's responsibility to provide a proper service address for each defendant). The Court ordered West to file a Motion for Service, containing the information necessary to serve McKnight by October 30, 2024. (Doc. 16). West was cautioned that failure to file a proper Motion for Service would likely lead to a recommendation that his claims against McKnight be dismissed without prejudice. *Id*. (citing FED. R. CIV. P. 4(m)).

On October 22, 2024, West filed a "Motion for Service." (Doc. 17). West maintained that it is the Court's duty to "issue and serve all process, and perform all duties in [*in forma pauperis*] cases." *Id.*; 28 U.S.C. § 1915(d). And, instead of including the information necessary to serve McKnight, he provided the address of the ADC Director's office in Pine Bluff, Arkansas. (Doc. 17 at 1, ¶ 2). Although West is correct regarding the language of 28 U.S.C. § 1915(d), case law in this Circuit establishes that West *must* provide the information necessary to serve process. *Lee*, 991 F.2d at 489. Other circuits agree.

2

*Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting that prisoner must furnish "sufficient information to serve [the defendant]") (overruling recognized on other grounds); *cf. Coleman v. Sweetin*, 745 F.3d 756, 767 (5th Cir. 2014) (overruling dismissal *with prejudice* of unserved defendant where prisoner identified a potential avenue to find defendant's address).

West has not complied with the Court's Order to provide a valid service address for McKnight. Nor has he shown any diligent effort to find such address. Therefore, it is recommended that West's claims against McKnight be dismissed without prejudice due to a lack of service. *See* FED. R. CIV. P. 4(m) (stating a court may dismiss a defendant who has not been served within ninety days of the filing of the complaint); *Lee*, 991 F.2d at 489; *Coleman v. Newton*, 334 F. App'x 52, 53 (8th Cir. 2009) (affirming dismissal of prisoner's § 1983 complaint without prejudice after he failed to provide the information needed to serve defendants).

## II. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. West's Motion for Service (Doc. 17) be DENIED.

2. West's claim against Adrian McKnight be DISMISSED without prejudice due to a lack of service.

3. Judgment be entered accordingly.[1]

---

[1] West's claims against Defendants Allison and Straughn were previously dismissed without prejudice for failure to state a claim upon which relief may be granted. (Doc. 6).

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommendation or accompanying judgment would not be taken in good faith.

DATED this 31st day of October, 2024.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE